IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRIAN BRANCH, as Guardian Ad Litem for
CYNTHIA N., CHARLES N., and CHRISTINA N.,
minor children, and KEVIN MARTINEZ, as Guardian
Ad Litem for JAMES R., DIANA R., and MICHAEL R.,
minor children,

       Plaintiffs,

vs.                                          Civ. No. 01-922 MV/WWD ACE

FARMERS INSURANCE COMPANY OF ARIZONA,

       Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the following, to wit:

#25[1]. NOTICE OF NON-APPEARANCE CONCERNING THE DEPOSITION OF MARK JAFFE, ESQ.

#26. FARMER'S MOTION TO COMPEL TESTIMONY OF MARK JAFFE, FOR A RULING ON WAIVER OF THE ATTORNEY CLIENT PRIVILEGE AND WORK PRODUCT DOCTRINE, TO PROHIBIT PLAINTIFF'S COUNSEL FROM RENDERING LEGAL ADVICE TO NON-PARTY WITNESSES, AND FOR COSTS AND FEES.

#27. FARMERS' RESPONSE TO MARK JAFFE'S NOTICE OF NON-APPEARANCE, MOTION TO QUASH SUBPOENA AND MOTION FOR PROTECTIVE ORDER CONCERNING THE DEPOSITION OF MARK JAFFE, ESQ. (1/25/02)

#29. MOTION TO QUASH SUBPOENA CONCERNING THE DEPOSITION OF MARK JAFFE, ESQ.

---

[1]. The numbers are the numbers on the Court docket.

-1-

#30. MOTION FOR PROTECTIVE ORDER CONCERNING THE DEPOSITION OF MARK JAFFE, ESQ.

#33. PLAINTIFFS' REPLY TO FARMERS' RESPONSE TO MARK JAFFE'S NOTICE OF NON-APPEARANCE , MOTION TO QUASH SUBPOENA AND MOTION FOR PROTECTIVE ORDER CONCERNING THE DEPOSITION OF MARK JAFFE , ESQ. (FEB.7, 2002).

#36. RESPONSE TO FARMERS' MOTION TO COMPEL TESTIMONY OF MARK JAFFE, AND REPLY IN SUPPORT OF MARK JAFFE'S NOTICE OF NON-APPEARANCE, MOTION TO QUASH SUBPOENA, AND MOTION FOR PROTECTIVE ORDER.

*Background.*

Two groups of children brought law suits in this Court against one or more of the Andersons (Gene, Marilyn, and their adult son Richard) alleging various forms of abuse by Richard Anderson, and the failure of his parents to protect the children. Mark Jaffe, who was retained by New Mexico State Risk Management, represented Gene and Marilyn Anderson. The cases were settled by an agreement which provided that Gene and Marilyn Anderson assigned their rights in a bad faith or contract claim against Farmers[2] to the Plaintiff children. The settlement agreement also required the Andersons to cooperate with the children in pursuing the claim against Farmers; provided, that the cooperation would not require the Andersons to abandon their constitutional rights.

The children plaintiffs brought the instant action against Farmers, and Farmers set and noticed Jaffe's deposition and served a subpoena duces tecum on Jaffe. Asserting that the information and documents he had were protected as work product or under the attorney-client

---

[2] The assigned claim is based on the alleged wrongful failure by Farmers to defend the Andersons, under the Andersons' homeowners' policy with Farmers, in the law suits brought by the children.

privilege, Jaffe failed to appear for his deposition after giving notice of his intention not to appear. The motions, responses, etc., set out above followed.

*Discussion.*

I have reviewed the submissions of counsel and the cases relied upon by counsel[3]. My rulings below are supported by the applicable law. The motion to quash (#29) is denied insofar as Mr. Jaffe's deposition being taken; however, he shall not be required to produce his case files on the matter in question since it is likely that most of the contents of Mr. Jaffe's files would be protected under the attorney client privilege or as attorney work-product[4], and I find no compelling reason to strip away that protection. Such documents as are not protected and on which no privilege is claimed on the privilege log prepared by Mr. Jaffe, shall be delivered to Farmers' counsel at the time of the deposition. At his deposition Mr. Jaffe may make appropriate claims of privilege; however, he shall be required to answer factual matters which are not protected. As a professional or "expert" witness, which I find Mr. Jaffe to be, he shall be entitled to reasonable compensation for the time spent in preparation for and participation in the deposition, and I find that reasonable hourly compensation for such work in the circumstances here involved to be $150.00 per hour. The motion for protective order (#30), the motion to quash (#29), and Farmers' motion to compel (#26) are addressed in the foregoing rulings. No costs or attorney fees will be assessed in connection with these motions.

Discovery shall proceed in accordance with the foregoing.

---

[3]The assumption of some counsel that we enjoy searching, sans a page citation, through a cited case for language to support their argument is unwarranted.

[4]The fact that the case Mr. Jaffe worked on is completed does not vitiate the protection.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE