IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRIAN BRANCH, as Guardian Ad Litem for
CYNTHIA N., CHARLES N., and CHRISTINA N.,
minor children, and KEVIN MARTINEZ, as Guardian
Ad Litem for JAMES R., DIANA R., and MICHAEL R.,
minor children,

        Plaintiffs,

vs.                                                    Civ. No. 01-922 MV/WWD ACE

FARMERS INSURANCE COMPANY OF ARIZONA,

        Defendant.

MEMORANDUM OPINION AND ORDER

        This matter comes before the Court upon Farmers' Motion to Compel Testimony of Marilyn and Gene Anderson and to Rule that the Protection of the Attorney/Client Privilege and Work Product Doctrine Have Been Waived (Docket No. 28) filed February 7, 2002. Farmers also asks that the Court direct Plaintiffs' counsel not to provide legal advice to non-party witnesses. Farmers seeks fees and costs in connection with the motion.

*Background.*

        Two groups of children brought law suits in this Court against one or more of the Andersons (Gene, Marilyn, and their adult son Richard) alleging various forms of abuse by Richard Anderson, and the failure of his parents to protect the children. Jaffe, who was retained by New Mexico State Risk Management, represented Gene and Marilyn Anderson. The cases were settled by an agreement which provided that Gene and Marilyn Anderson assigned their rights in a bad faith or contract claim against Farmers[1] to the Plaintiff children. The settlement agreement also required the Andersons to

---

[1] The assigned claim is based on the alleged wrongful failure by Farmers to defend the Andersons, under the Andersons' homeowners' policy with Farmers, in the law suits brought by the

-1-

cooperate with the children in pursuing the claim against Farmers; provided, that the cooperation would not require the Andersons to abandon their constitutional rights.

The children plaintiffs brought the instant action against Farmers, and Farmers set and noticed the depositions of Gene and Marilyn Anderson. At her deposition, after being advised by Plaintiffs' counsel, Marilyn Anderson refused to testify, asserting that the information she had was protected Fifth Amendment right against self-incrimination or by the attorney-client privilege. Ms. Anderson indicated that her husband would follow the same course of action, and the depositions were terminated until the Andersons could retain counsel and a a ruling could be obtained from the Court.

Farmers contends that it needs certain information from the Andersons to defend the claims brought against it by Plaintiffs. This information includes the basis for Plaintiffs' assignors' purported belief that Farmers has acted in bad faith, the facts upon which Farmers had a duty to defend and indemnify Plaintiffs' assignors, the details concerning the assignment of the claims to Plaintiffs, how and when the defense of Plaintiffs' cases were tendered by the Andersons or their counsel to Farmers, and the damages, if any, suffered by the Andersons.

The Andersons, appearing through their newly acquired counsel, Parrish Collins, Esquire, claim their right to assert the attorney client privilege they had with attorney Mark Jaffe, as well as their protection against self-incrimination under the Fifth Amendment. The Andersons deny that there has been any waiver of privilege, and assert that the Plaintiffs cannot assert the attorney-client privilege with respect to the Anderson - Jaffe privileged communications.

Plaintiffs, pointing out that the instant motion was directed at them, support the Andersons in their assertion of privileges, deny offering Ms. Anderson legal advice, and then, on page six of their brief state the following, to wit;

---

children.

> On the merits of that [attorney-client and work product ] discovery
> dispute plaintiffs have not taken, and continue not to take, a position.

Plaintiffs helpfully supplied a copy of Ms. Anderson's deposition which I have read.

*Discussion.*

Defense counsel advised Ms. Anderson extensively at her deposition, including the questionable assertion that the Andersons had waived their attorney - client privilege by filing a bad faith claim against Farmers; accordingly, I do not view the remarks made by Ms. Sanders as being inappropriate. Now that Ms. Anderson can appear at the continuation of her deposition with counsel the proceeding may have lost some of its previous "shooting a bird on the ground" aspects which seems preferable under the all the circumstances.

Farmer's Motion to Compel is granted insofar as requiring the Andersons to appear upon reasonable notice to resume their depositions; and it is denied insofar as ruling that the Andersons have waived entirely the protection of the attorney - client privilege or the work product doctrine. Each party shall bear its own costs and attorney fees in connection with this motion.

Discovery shall proceed in accordance with the foregoing.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE