IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRIAN BRANCH, as Guardian Ad Litem for
CYNTHIA N., CHARLES N., and CHRISTINA N.,
minor children, and KEVIN MARTINEZ, as Guardian
Ad Litem for JAMES R., DIANA R., and MICHAEL R.,
minor children,

        Plaintiffs,

vs.                                       Civ. No. 01-922 MV/WWD ACE

FARMERS INSURANCE COMPANY OF ARIZONA,

        Defendant.

## MEMORANDUM OPINION AND ORDER

      This matter comes before the Court upon Farmers' Motion to Compel Testimony of Richard Anderson and to Rule that the Protection of the Fifth Amendment Do (sic) Not Apply to the Deposition Questions Asserted by Counsel for Defendant Farmers Insurance Company of Arizona [docket no. 46]; and Farmers' Amended Motion to Compel Testimony of Richard Anderson and to Rule that the Protection of the Fifth Amendment Does Not Apply to the Deposition Questions Asserted by Counsel for Defendant Farmers Insurance Company of Arizona [docket no. 52]. Docket no. 46 will be referred to as Motion #1 and Docket no. 52 will be referred to as Motion #2. The only non-titular change between Motion #1 and Motion #2 is apparently in the last sentence which reads as follows:

> Further, Farmers requests its costs and fees from plaintiffs for their
> participation in causing this motion to be brought.

-1-

No response to either motion was filed by any party or by any attorney on behalf of the witness, Richard Anderson. Anderson was asked certain questions which are highlighted in the deposition at pages 18, 19, 23, 24, and 26. These questions dealt with Anderson's place of residence; whether he lived with his parents; whether he spoke to anyone prior to his deposition; whether he ate with his parents at their house; whether he slept at his parents' house; whether he would do laundry at his parents' home; and details in connection with his previous "execution". The last area might well raise some questions as to whether Anderson was sane; for example, one answer was as follows:

> Well, actually, David Israel, who is the definition of the devil, who has eaten me over 200 times in the last 6,000 years, my ancestors, his ancestors – what was your question?

Anderson deposition, page 26, lines 13-16.

Richard Anderson is accused of committing certain torts and crimes against minor children who allegedly lived with Andersons' parents while Anderson was present in the household. In these circumstances, the questions asked could well elicit answers which would be incriminating.

**WHEREFORE,**

**IT IS ORDERED** that Farmers' Motion to Compel Testimony of Richard Anderson and to Rule that the Protection of the Fifth Amendment Do (sic) Not Apply to the Deposition Questions Asserted by Counsel for Defendant Farmers Insurance Company of Arizona [docket no. 46]; and Farmers' Amended Motion to Compel Testimony of Richard Anderson and to Rule that the Protection of the Fifth Amendment Does Not Apply to the Deposition Questions

Asserted by Counsel for Defendant Farmers Insurance Company of Arizona [docket no. 52], be, and they are hereby, DENIED IN THEIR ENTIRETY.

_____
UNITED STATES MAGISTRATE JUDGE