IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRIAN BRANCH, as Guardian Ad Litem for
Cynthia N., Charles N. and Christina N.,
minor children, and KENNETH MARTINEZ,
as Guardian Ad Litem for James R., Diana R.
and Michael R., minor children,                                  Civ. No. 01-922 MV/WWD ACE

        Plaintiffs,

vs.

FARMERS INSURANCE CO. OF
ARIZONA,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' Motion to Amend Witness List, filed April 23, 2002, **[Doc. No. 75]** and Farmers Insurance Company of Arizona's Motion to Strike Affidavit of Virginia Gillmer, filed May 2, 2002, **[Doc. No. 83]**.  The Court, having considered the motions, briefs, relevant law and being otherwise fully informed, finds that both motions are well-taken and will be **GRANTED.**

This case arises from the alleged breach of a homeowners policy issued by Defendant Farmers Insurance Company of Arizona ("Farmers") to Marilyn and Gene Anderson (the "Andersons").  The Andersons' home was licensed by the State of New Mexico, Children, Youth and Families Department as a family foster home.  In 1997, two groups of foster children, through their guardians ad litem, filed separate civil actions in the United States District Court for

the District of New Mexico against multiple defendants, including Gene and Marilyn Anderson (the "N" litigation and the "R" litigation). The complaints in both cases alleged that the children were abused while in the Anderson home.

At all relevant times, the Anderson home was covered under a Farmers homeowners policy (the "policy"). The policy contains a provision, commonly referred to as a household exclusion, that provides:

We do not cover:

* * *

6. Bodily injury to any resident of the residence premises except a residence employee who is not covered under Workers' Compensation or Employers' Liability Coverage.

(internal emphasis omitted). The term "resident" is undefined.

Farmers denied coverage under the policy for both the "N" litigation and the "R" litigation, in part, based on the assertion that the foster children were "residents" of the Andersons' home and therefore coverage bodily injury to the children was barred by the household exclusion. The parties in the "N" and "R" litigation subsequently reached a settlement that resolved all claims against the Andersons. As part of the settlement, the Andersons' purported claims against Farmers were assigned to the "N" and "R" children.

On July 5, 2001, the "N" and "R" children, through their guardians ad litem, brought this action against Farmers alleging breach of contract, breach of the duty of good faith and fair dealing, and violations of the Insurance Code and the Unfair Practices Act. Following the close of discovery, Farmers filed a motion for summary judgment on the duty to defend and indemnify based, in part, on the assertion that the foster children were residents of the Andersons' home and

therefore excluded from coverage by the household exclusion. Plaintiffs filed their response, attaching an affidavit from Virginia Gillmer, a Licensed Independent Social Worker who had been retained by Plaintiffs as a consultant and disclosed expert witness in the underlying litigation. Ms. Gillmer has not been disclosed as an expert witness in the instant case. Ms. Gillmer's affidavit describes the New Mexico foster care system, including the placement status of children in the foster care system.

Plaintiffs subsequently filed a motion seeking to amend their fact witness list to include Ms. Gillmer or, in the alternative, permission to supplement their expert disclosures to include Ms. Gillmer. Plaintiffs assert that the need for Ms. Gillmer's testimony was not known until Farmers challenged the status of the children's residency in its motion for summary judgment. Farmers opposed the motion on the grounds that it was untimely and prejudicial, and because Plaintiffs had notice of all the issues in the case early in discovery. Farmers simultaneously filed a motion to strike Ms. Gillmer's affidavit testimony as not competent or admissible pursuant to Rule 702 and Rule 703 of the Federal Rules of Civil Procedure and as inadmissible hearsay pursuant to Rule 801 and 803.

Despite Plaintiffs' attempts to characterize Ms. Gillmer's testimony as factual, the Court agrees with Farmers that Ms. Gillmer's testimony constitutes expert testimony. In her affidavit, Ms. Gillmer provides information on the New Mexico foster care system based on specialized knowledge within the scope of Rule 702. Plaintiffs cannot evade the expert witness disclosure requirements set forth in Rule 26 of the Federal Rules of Civil Procedure by calling an expert witness in the guise of a layperson.

As an expert witness, Ms. Gillmer's testimony must satisfy the requirements of Rule 702.

Based on the record before it, the Court cannot determine if Ms. Gillmer is qualified as an expert in the area of child welfare and foster care by knowledge, skill, experience, training, or education as required by Rule 702.[1]  Fed. R. Civ. P. 702.  Consequently, the Court will grant the motion to strike Ms. Gillmer's affidavit.

Whether the plaintiff children were "residents" of the Anderson home was an issue known to all parties from the inception of this litigation.  However, subsequent to the filing of the instant motions, the New Mexico Court of Appeals considered whether a foster child was a "resident" of a foster home for the purposes of an identical household exclusion in a Farmers homeowners insurance policy.  *Risk Mgmt. Div. of the Gen. Serv. Dep't of the State of N.M. v. Farmers Ins. Co. of Ariz.*, 2003-NMCA--095, 75 P.3d 404.   After finding the terms "resident" and "residence" ambiguous, the Court of Appeals set out several factors to consider in determining whether the term "resident" applies to a foster child, including the nature of the child's placement in the foster home.  *Id*.  Pursuant to this decision, expert testimony regarding the New Mexico foster care system, including descriptions of the permanency categories, and factual testimony regarding the permanency status of the plaintiff children will assist the trier of fact in this matter.

Given the intervening decision of the New Mexico Court of Appeals, the Court will permit Plaintiffs to supplement their expert disclosures to include Ms. Gillmore.  To alleviate any potential prejudice to Farmers, Farmers will be permitted to depose Ms. Gillmore outside the discovery period.  Plaintiffs will bear the burden of establishing that Ms. Gillmore's testimony satisfies the pertinent admissibility requirements by a preponderance of the evidence.  *See*

---

[1] While Ms. Gillmer's affidavit states that her resume is attached, the affidavit filed with the Court does not have a resume attached.

*Bourjaily v. United States*, 483 U.S. 171 (1987).

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Amend Witness List, filed April 23, 2002, **[Doc. No. 75]** is hereby **GRANTED**.  Plaintiffs have 30 days from the date of this Order to supplement their expert disclosures to include Virginia Gillmer.  Farmers has 60 days from the date of this order to depose Ms. Gillmer.

**IT IS FURTHER ORDERED** that Farmers Insurance Company of Arizona's Motion to Strike Affidavit of Virginia Gillmer, filed May 2, 2002, **[Doc. No. 83]** is hereby **GRANTED**. Exhibit 23 to Plaintiff's Response to Farmers' Motion for Summary Judgment, filed April 16, 2002 **[Doc. No. 70]** is hereby stricken.

Dated this 26th day of January, 2004.

MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE

Attorneys for Plaintiffs:
    Maureen A. Sanders, Esq.
    F. Michael Hart, Esq.
    Philip B. Davis, Esq.

Attorneys for Defendant:
    William C. Madison, Esq.
    Shannon A. Parden, Esq.