IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRIAN BRANCH, as Guardian Ad Litem for
Cynthia N., Charles N. and Christina N.,
minor children, and KENNETH MARTINEZ,
as Guardian Ad Litem for James R., Diana R.
and Michael R., minor children,                               Civ. No. 01-922 MV/WWD ACE

      Plaintiffs,

vs.

FARMERS INSURANCE CO. OF
ARIZONA,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Farmers' Motion for Partial Summary Judgment on Whether the "R" Litigation was Tendered to Farmers for a Defense, filed March 28, 2002, **[Doc. No. 60]**. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is not well-taken and will be **DENIED**.

### BACKGROUND

This case arises from the alleged breach of a homeowners policy issued by Defendant Farmers Insurance Company of Arizona ("Farmers") to Marilyn and Gene Anderson (the "Andersons"). The Andersons' home was licensed by the State of New Mexico, Children, Youth and Families Department as a family foster home. In 1997, two groups of former foster children, through their guardians ad litem, filed two civil actions in the United States District Court for the

District of New Mexico (the "N" litigation and the "R" litigation) against multiple defendants, including Gene and Marilyn Anderson, for alleged abuse that occurred while placed in the Andersons' home.

At all relevant times, the Andersons were covered under a Farmers homeowners policy (the "policy"). Farmers, at least initially, provided a defense to the Andersons for the "N" litigation under a reservation of rights but subsequently determined that the policy excluded coverage for the claims made in the "N" litigation. Farmers did not provide a defense in the "R" litigation, which Farmers contends was never tendered to Farmers for a defense.

On or about July 15, 1998, the parties in the "N" and "R" litigation reached an agreement in principle to resolve all claims against the Andersons. As a part of the settlement, the Andersons assigned their purported claims against Farmers to the "N" and "R" children. On July 5, 2001, the "N" and "R" children, through their guardians ad litem, brought this action against Farmers alleging breach of contract, breach of the duty of good faith and fair dealing, and violations of the Insurance Code and the Unfair Practices Act due to Farmers' failure to defend and indemnify the Andersons in the "N" and "R" litigation.

In the instant motion, Farmers is seeking partial summary judgment on the issue of whether the "R" litigation was tendered to Farmers for a defense. Farmers asserts that the undisputed facts establish that the "R" litigation was never tendered to Farmers for a defense, therefore, Farmers had no duty to defend or to indemnify the Andersons in the "R" litigation. Farmers further asserts that because it did not have a duty to defend the Andersons in the "R" litigation, Plaintiffs' extra-contractual claims for common law bad faith, violation of New Mexico's Unfair Practices Act and violation of New Mexico's Unfair Insurance Practices Act in regard to the "R" litigation must be dismissed. Plaintiffs contend that the existence of disputed

issues of material fact as to whether the "R" litigation was tendered to Farmers for a defense preclude judgment as a matter of law for Farmers on this issue.

## STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Jones v. Kodak Medical Assistance Plan*, 169 F.3d 1287, 1290 (10th Cir. 1999). Under Rule 56(c), "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Rather, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Shapolia v. Los Alamos Nat'l Lab.*, 992 F.2d 1033, 1036 (10th Cir. 1993). There is no requirement that the moving party negate the nonmovant's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party meets its burden, the nonmoving party must show that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l Inc. v. First Affiliated Secs., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1991) (citations omitted). Rather than "merely show there is some metaphysical doubt as to the material facts," the nonmoving party is required to "go beyond the pleadings and, by affidavits or depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial." *Kaus v. Standard Ins. Co.*, 985 F. Supp 1277, 1281 (D. Kan. 1997), *aff'd*, 162 F.3d 1173 (10th Cir. 1998). There is no issue for

trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  *See Anderson*, 477 U.S. at 248.   Upon a motion for summary judgment, the Court "must view the facts in the light most favorable to the nonmovant and allow the nonmovant the benefit of all reasonable inferences to be drawn from the evidence."  *Kaus*, 985 F. Supp at 1281.

## DISCUSSION

Insureds are typically required to give notice, in the form and manner specified within the insurance contract, of any claim against an insured.  *See* Holmes' Appleman on Insurance 2d (2003) § 139.2.  Notice requirements are intended to prevent prejudice to the insurer by permitting the insurer the opportunity to investigate the facts of the case and prepare a defense.  *Id.*  Farmers contends that the Andersons failed to provide notice of the "R" litigation as required by the policy and, therefore, Farmers had no duty to defend as a matter of law.

As with any contract, the rights and duties of the parties to an insurance policy are determined by the terms and conditions of the insurance contract to which the parties agreed.  *See Rummel v. Lexington Ins. C*o., 945 P.2d 970, 976 (N.M. 1997) ("[I]nsurance contracts are construed by the same principles which govern the interpretation of all contracts.") (internal quotation marks and citations omitted).  In this case, neither party has provided a copy of the policy's notice provision to the Court.  Consequently, the Court cannot determine what the notice requirements are, much less whether the insureds complied with the notice requirements.

Furthermore, under New Mexico law, an insurer can disclaim coverage on the basis of defective notice of a claim only if the insurer was prejudiced by the defective notice. "[E]ven when there has been a substantial and material breach of the insured's obligation and a resulting failure of a condition precedent to the insurer's liability, the breach and nonoccurrence of condition does not discharge the insurer absent a showing that the insurer has been substantially

prejudiced." *Roberts Oil Co. v. Transamaerica Ins. Co.*, 833 P.2d 222, 231 (N.M. 1992) (considering breach of voluntary payment clause in insurance policy); *see also Foundation Reserve Ins. Co. v. Esquibel*, 607 P.2d 1150, 1152 (N.M. 1980) (insurer "must demonstrate substantial prejudice as a result of a material breach of the insurance policy by the insured before it will be relieved of its obligations under a policy"); *Yarbrough v. State Farm Ins. Co.*, 730 F.Supp. 1061 (D.N.M. 1990) (under New Mexico law, insured's failure to notify insurer of accident did not preclude recovery in absence of prejudice to insurer). An insurer has the burden to establish that it suffered actual prejudice as a result of the insured's failure to properly provide notice. *See Esquibel*, 607 P.2d at 1152 (insurer has burden to establish substantial prejudice as a result of a material breach); *Roberts Oil Co.*, 833 P.2d at 233-34 (insurer has burden of persuasion to show prejudice); *Yarbrough*, 730 F.Supp. at 1065 ("A number of courts have recently held that the burden of proof to establish prejudice is on the insurance provider."); Holmes' Appleman on Insurance 2d (2003) at §139.4(C)(1)("It is the insurer's burden to establish that it suffered prejudice as a result of the insured's failure to properly provide notice."). Farmers has not come forward with any evidence that it was prejudiced by the Andersons' alleged defective notice of the "R" litigation. Consequently, even if the Andersons did fail to comply with the notice provision (which the Court cannot determine on the evidence before it), Farmers is not entitled to summary judgment on the duty to defend the "R" litigation.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Farmers' Motion for Partial Summary Judgment on Whether the "R" Litigation was Tendered to Farmers for a Defense, filed March 28, 2002, **[Doc. No. 60]** is hereby **DENIED**.

Dated this 26th day of January, 2004.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

Attorneys for Plaintiffs:
    Maureen A. Sanders, Esq.
    F. Micael Hart, Esq.
    Philip B. Davis, Esq.

Attorneys for Defendant:
    William C. Madison, Esq.
    Shannon A. Parden, Esq.