IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRIAN BRANCH, as Guardian Ad Litem for
Cynthia N., Charles N. and Christina N.,
minor children, and KENNETH MARTINEZ,
as Guardian Ad Litem for James R., Diana R.
and Michael R., minor children,                              Civ. No. 01-922 MV/WWD ACE

        Plaintiffs,

vs.

FARMERS INSURANCE CO. OF
ARIZONA,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion to Strike Plaintiffs' 5/28/02 Response to Farmers' 5/07/02 Motion for Summary Judgment on Plaintiffs' Claim for Punitive Damages and Supporting Authority, filed June 10, 2002, **[Doc. No. 119]**. On May 7, 2002, Farmers Insurance Company of Arizona ("Farmers") filed a motion for partial summary judgment on Plaintiffs' claim for punitive damages. The parties agree that Plaintiffs' response to this motion was due on May 24, 2002.

Local Rule 7.3(a)(3) permits parties to agree to an extension of time unless the extension will interfere with established case management deadlines. *See* D.N.M.LR-Civ. 7.3(a)(3).[1] The

---

[1] References are to the local rules in effect at the time the parties were briefing the motion at issue.

parties agree that prior to May 21, 2002, the parties routinely requested and received extensions of time for various responses and pleadings in this case.  On or about May 21, 2002, however, Plaintiffs' counsel refused to grant Defendant's counsel a one-day extension to file a Rule 11 motion.  Late in the morning on May 24, 2002--the day Plaintiffs' response brief was due, Plaintiffs' counsel emailed a request for an extension of time to file her response brief to Defendant's counsel.  Plaintiffs' counsel then left the office for the day, assuming that the request for an extension would be granted.

     Defendant's counsel responded, in an email time-stamped 1:26 p.m., that Defendant would agree to the requested extension if Plaintiffs agreed to Defendant's requested extension on the Rule 11 motion.  Plaintiffs' counsel did not receive this message until late afternoon when she returned to the office.  Finding Defendant's terms unacceptable, Plaintiffs' counsel completed her response brief that evening and mailed it to Defendant's counsel.  Plaintiffs' counsel did not file the brief with the Court, however, until the next business day, which, due to an intervening weekend and holiday, was May 28, 2002.

     Farmers subsequently filed the instant motion seeking to have Plaintiffs' response stricken as untimely.  Plaintiffs' counsel contends that her failure to file the brief on time occurred because Plaintiffs' counsel expected that defense counsel would continue the previous practice of agreeing to extensions necessitated by counsel's schedules and because Plaintiffs' counsel was not technically capable of electronically filing the brief on the evening of May 24, 2002.

     Plaintiffs' counsel's assumption that an extension would be granted based on previous practice is objectively unreasonable given that Plaintiffs' counsel had refused Defendant's request for a one-day extension just three days prior.  The Court further finds that Plaintiffs' counsel's inability to file electronically provides no justification for an untimely filing.  The Court's drop box

was discontinued over six months prior to the filing deadline for the response brief.  Plaintiffs' counsel had sufficient time to make the necessary arrangements to file electronically if the need arose.  In addition, Plaintiffs' counsel fails to explain why the brief could not have been electronically filed by one of her co-counsel.  Furthermore, Plaintiffs' counsel, upon learning that Defendant's counsel would not consent to the proposed extension, could have  filed a motion for enlargement of time with the Court.  *See* D.N.M.LR-Civ. 7.3(a)(3) ("If an extension of time is opposed, the party seeking the extension must file a separate motion in accordance with this rule.").

While Plaintiffs' counsel's actions were careless, there is no indication that Plaintiffs' counsel acted in bad faith.  Furthermore, Defendant, who received the filing in a timely manner, was not prejudiced by the one-day delay in the filing of the response with the Court and the delay in filing the response with the Court had no effect on the judicial proceedings.  Under these circumstances, the Court will decline to strike Plaintiffs' response as untimely.  Plaintiffs' counsel, however, should not count on such a reprieve in the future.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike Plaintiffs' 5/28/02 Response to Farmers' 5/07/02 Motion for Summary Judgment on Plaintiffs' Claim for Punitive Damages and Supporting Authority, filed June 10, 2002, **[Doc. No.  119]** is hereby **DENIED.**

Dated this 26th day of January, 2004.

_____
MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE

<u>Attorneys for Plaintiffs</u>:
    Maureen A. Sanders, Esq.
    F. Micael Hart, Esq.
    Philip B. Davis, Esq.

<u>Attorneys for Defendant</u>:
    William C. Madison, Esq.
    Shannon A. Parden, Esq.