IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


BRIAN BRANCH, as Guardian Ad Litem for
Cynthia N., Charles N. and Christina N.,
minor children, and KENNETH MARTINEZ,
as Guardian Ad Litem for James R., Diana R.
and Michael R., minor children,                           Civ. No. 01-922 MV/WWD ACE

        Plaintiffs,

vs.


FARMERS INSURANCE CO. OF
ARIZONA,

        Defendant.


### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Objection to Magistrate Judge's Order of 2/28/02, filed March 14, 2002, **[Doc. No. 54]**. The Court, having considered the objections, briefs, relevant law, and being otherwise fully informed, finds that the objections are not well-taken and will be **OVERRULED**.

This case arises from the alleged breach of a homeowners policy issued by Defendant Farmers Insurance Company of Arizona ("Farmers") to Marilyn and Gene Anderson (the "Andersons"). The Andersons' home was licensed by the State of New Mexico, Children, Youth and Families Department as a family foster home. In 1997, two groups of foster children, through their guardians ad litem, filed separate civil actions in the United States District Court for

1

the District of New Mexico against multiple defendants, including Gene and Marilyn Anderson (the "N" litigation and the "R" litigation). The complaints in both cases alleged that the children were abused while in the Andersons' home. Mark Jaffe was retained by New Mexico State Risk Management to represent the Andersons in both cases.

At all relevant times, the Andersons' home was covered under a Farmers homeowners policy. Farmers denied coverage under the policy for the "N" litigation and the "R" litigation. The parties in the "N" and "R" litigation subsequently reached a settlement that resolved all claims against the Andersons. As part of the settlement, the Andersons' purported claims against Farmers for its denial of coverage were assigned to the "N" and "R" children. On July 5, 2001, the "N" and "R" children, through their guardians ad litem, brought this action against Farmers alleging breach of contract, breach of the duty of good faith and fair dealing, and violations of the Insurance Code and the Unfair Practices Act.

Farmers subsequently noticed Mr. Jaffe's deposition and served him with a subpoena duces tecum. Mr. Jaffe, asserting that the information and documents in his possession were protected as work product or covered under the attorney-client privilege, failed to appear for his deposition after giving notice of his intention not to appear and moved to quash the subpoena. Farmers filed a motion to compel Mr. Jaffe's testimony and requested a ruling on waiver of the attorney-client privilege and work-product doctrine.

The magistrate judge, in an order dated February 28, 2002, denied the motion to quash Mr. Jaffe's deposition but ruled that Mr. Jaffe could make appropriate claims of privilege during his deposition and that Mr. Jaffe would not be required to produce documents from his files that were protected either under the attorney-client privilege or as attorney work product. The

magistrate judge further ruled that Mr. Jaffe, as a professional witness, was entitled to reasonable compensation for the time spent in preparation for and participation in the deposition. Farmers subsequently filed objections to this order, claiming that Farmers should not be required to pay Mr. Jaffe hourly compensation for his testimony and that Plaintiffs have waived the protection of the attorney/client privilege and the work-product doctrine.

## LEGAL STANDARD

A district court may modify or set aside a ruling of a magistrate judge only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Under the clearly erroneous standard, the reviewing court must affirm unless the court "on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

## DISCUSSION

A. Mr. Jaffe's Witness Fee

Farmers contends that Mr. Jaffe is a factual witness, not an expert witness, and therefore is not entitled to the reasonable hourly compensation ordered by the magistrate judge. Courts are split on whether a professional subpoenaed to testify as a third-party witness is entitled to a "reasonable fee" for their deposition testimony pursuant to Fed. R. Civ. P. 26(b)(4)(C). *Compare Fisher v. Ford Motor Co.*, 178 F.R.D. 195, 197-198 (N.D.Ohio 1998)( holding that subpoenaed treating physicians must appear for depositions at the statutory rate of compensation and are not entitled to resist compliance with the subpoena on the basis that they are losing income), and *Mangla v. Univ. of Rochester*, 168 F.R.D. 137, 139-140 (W.D.N.Y.1996) (holding that a treating physician, who is not being deposed as retained expert, is entitled to statutory witness fee and not

3

his hourly billing rate), *with Harvey v. Shultz*, No. 99-1217-JTM, 2000 WL 33170885, at *2 (D.Kan. Nov. 16, 2000) ("The Court adopts the view that treating physicians should ordinarily be allowed a reasonable fee beyond the $40 statutory limit."), and *Coleman v. Dydula*, 190 F.R.D. 320 (W.D.N.Y.1999) (ordering defendants to pay treating physicians a reasonable fee for their deposition testimony pursuant to Rule 26(b)(4)(C)). The Tenth Circuit has not ruled on this issue.

Based on the split of authority on the issue, and with no guiding Tenth Circuit precedent, the Court cannot find that the magistrate judge's order requiring compensation of Mr. Jaffe, a professional witness, for the time spent preparing for and attending his deposition is "clearly erroneous or contrary to law."[1] Furthermore, the magistrate judge's ruling is arguably supported by Rule 26(c), which permits a court, for good cause shown, to make any order which justice requires to protect a person from "undue burden or expense." Fed. R. Civ. P. 26 (c); *see Anker v. G.D. Searle & Co.*,126 F.R.D. 515 (M.D.N.C.,1989) (noting that a court could issue a protective order pursuant to Fed.R.Civ.P. 26(c) finding that the economic burden to third-party expert witness of providing deposition testimony without adequate compensation requires prohibiting the taking of the deposition).

---

[1] Farmers complains that Mr. O'Brien, another attorney who represented the Andersons in the underlying litigation, was not similarly compensated for time spent preparing for and providing deposition testimony in this matter. Mr. O'Brien's compensation, however, is not a matter that was addressed in the magistrate judge's February 28, 2002 Order and is not properly before this Court.

B.     Attorney-Client Privilege

Farmers asserts that the Andersons' attorney-client privilege passed to the Plaintiffs when the Andersons assigned their claims against Farmers to the Plaintiffs and that the Plaintiffs have impliedly waived this privilege by "taking no position as to whether the privilege has been waived and never once asserting it." Even assuming the Andersons' attorney-client privilege did pass to the Plaintiffs, an issue the Court need not decide, Farmers' argument still fails. Under New Mexico law, an implied waiver of the attorney-client privilege is recognized only where (1) a party seeks to limit its liability by describing the advice given by an attorney and by asserting that the party relied upon that advice or (2) where direct use is anticipated because the holder of the privilege must use the materials at some point in order to prevail. *Public Serv. Co. of N.M. v. Lyons*, 2000-NMCA-077, 10 P.3d 166. There is nothing in the record establishing that Plaintiffs must use any privileged communications between Mr. Jaffe and the Andersons in order to prove their claims against Farmers. The magistrate judge's order finding that the attorney-client privilege has not been waived is not clearly erroneous or contrary to law and will not be set aside.

C.     Work Product Doctrine

Farmers asserts that the magistrate judge's implied finding that Farmers did not demonstrate substantial need of documents protected by the work-product doctrine and that the work-product doctrine had not been waived is clearly erroneous and/or contrary to law. Farmers contends that the work-product doctrine was waived for the same reasons that the attorney/client privilege was waived--by Plaintiffs' filing of a bad faith claim against Farmers; by Plaintiffs not asserting attorney-client privilege at the deposition of Marilyn Anderson; and, by Jaffe's failure to produce a privilege log. None of Farmers' grounds for waiver of the work-product doctrine has

5

any merit:  1)  For the reasons discussed above, there has been no waiver of the work-product doctrine by Plaintiffs' filing of a bad faith claim; 2) Whether Plaintiffs asserted attorney-client privilege at the deposition of Marilyn Anderson is irrelevant to any purported waiver of the work-product doctrine; and 3) Mr. Jaffe produced a privilege log.

Farmers' contention that it has a substantial need of protected documents is unsupported. The magistrate judge ordered Mr. Jaffe to provide all non-privileged documents from his files to Plaintiffs and permitted Plaintiffs to depose Mr. Jaffe on factual matters.  Farmers asserts that it has substantial need of *all* the protected documents in Mr. Jaffe's files because these documents may assist Farmers in its defense of this suit.

Federal Rule of Civil Procedure 26(b)(3) provides that:

> [A] party may obtain discovery of documents and tangible things . . . prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative . . . only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.  In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of any attorney or other representative of a party concerning the litigation.

Fed. R. Civ. P. 26(b)(3).

The one paragraph argument Farmers provided in support of its assertion that it has substantial need of all protected documents in Mr. Jaffe's files does not satisfy the showing required by Rule 26(b)(3).  Farmers asserts that it is entitled to all protected documents because it has "significant questions" about the Andersons' purported tender of the defense of the underlying claims to Farmers and about the circumstances under which the settlement and assignment were

6

reached and is unable to obtain this information from any other source.[2]  Farmers then states, by way of example, that it is entitled to protected documents in Mr. Jaffe's files related to the assignment because Ms. Anderson does not remember any discussion in regards to the assignment and, based upon *Ms. Anderson'*s deposition, "it appears doubtful that Mr. Anderson would have any recollection either."  Farmers cannot demonstrate that the substantial equivalent of the protected materials sought cannot be obtained without undue hardship when Farmers has not even attempted to seek the requested material from other potential sources.

The Court concurs with the magistrate judge's determination that Farmers failed to demonstrate substantial need of any protected work-product materials and that it was unable to obtain these materials from other sources.

**IT IS THEREFORE ORDERED** that Defendant's Objections to Magistrate Judge's Order of 2/28/02, filed March 14, 2002 **[Doc. No. 54]** are hereby **OVERRULED.**

Dated this 26th day of January, 2004.

_____
MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE

---

[2]  The Court notes the irony of Farmers asserting that justice and fairness require that Farmers be permitted to discover protected communications and documents regarding the settlement of the "N" and "R" litigation, including the assignment of the Andersons' claims against Farmers, because Farmers is unable to obtain this information from other sources when Farmers declined to participate in the settlement discussions resulting in the settlement agreement and assignment.

<u>Attorneys for Plaintiffs</u>:
>   Maureen A. Sanders, Esq.
>   F. Michael Hart, Esq.
>   Philip B. Davis, Esq.

<u>Attorneys for Defendant</u>:
>   William C. Madison, Esq.
>   Shannon A. Parden, Esq.