IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRIAN BRANCH, as Guardian Ad Litem for
Cynthia N., Charles N. and Christina N.,
minor children, and KENNETH MARTINEZ,
as Guardian Ad Litem for James R., Diana R.
and Michael R., minor children,                                    Civ. No. 01-922 MV/WWD ACE

        Plaintiffs,

vs.

FARMERS INSURANCE CO. OF
ARIZONA,

        Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Objection to Magistrate Judge's Order of 06/20/02, filed July 1, 2002, **[Doc. No. 134]**. The Court, having considered the objections, response, reply, relevant law, and being otherwise fully informed, finds that the objections are not well-taken and will be **OVERRULED**.

On May 20, 2002, Defendant Farmers Insurance Company of Arizona ("Farmers") served a Rule 11 motion and supporting memorandum on Plaintiffs. Pursuant to Fed. R. Civ. P. 11(c), Farmers could not file its motion with the Court until 21 days from the date of service, which was June 11, 2002. The deadline for filing pretrial motions, however, was June 10, 2002. Farmers moved the Court for an order allowing Farmers to file its Rule 11 motion either one day short of the 21-day period provided by Rule 11 or one day outside the deadline for filing pretrial motions.

Over Plaintiffs' objection, the magistrate judge entered an order on June 17, 2002, granting Farmers until June 19, 2002, to file its motion. Farmers filed its Rule 11 motion and supporting documents on June 17, 2002.

On June 19, 2002, a settlement conference was held before the magistrate judge. The following day, the magistrate judge entered an order that stated:

> On June 17, 2002, I entered a Memorandum Opinion and Order permitting Defendant to file a Rule 11 motion out of time. The Order was entered without any consideration of the Rule 11 motion itself, and it was granted to relieve Defendant from its failure to reconcile time constraints under Rule 11 and under certain orders of the Court. The dilemma in which Defendant found itself was entirely of its own making; however, assuming that the Defendant was acting in good faith, I chose to grant relief. I now perceive that my assumption concerning the Rule 11 motion was incorrect. I am sensitive to the Emergency General Order of the Court of Appeals for the Tenth Circuit and its reference to the "confidentiality requirements of Tenth Circuit Rule 33.1(D)." I do not read that rule or the Emergency General Order referring to it as barring remedial action for misconduct in a settlement conference.

In his June 20, 2002 Order, the magistrate judge vacated his June 17, 2002 Order permitting the untimely filing of the Rule 11 motion and struck Farmers' Rule 11 motion and related documents as untimely.

Farmers filed an objection to the June 20, 2002 Order asserting that (1) the magistrate judge's inference that serving or filing the Rule 11 motion was done in bad faith was clearly erroneous based upon the facts; (2) there was no misconduct at the settlement conference that justified striking Farmers' Rule 11 motion; and (3) the magistrate judge did not have jurisdiction to strike Farmers' Rule 11 motion. Plaintiffs counter that the magistrate judge had authority to reverse his previous decision to allow an extension of time to file the Rule 11 motion and that Farmers' lack of good faith was one of the arguments made by Plaintiffs in their opposition to Farmers' request for an extension of time to file the Rule 11 motion. Due to restrictions

regarding the confidentiality of settlement conferences, neither party provided argument regarding Farmers' alleged misconduct at the settlement conference.

## LEGAL STANDARD

A district court may modify or set aside a ruling of a magistrate judge only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Under the clearly erroneous standard, the reviewing court must affirm the ruling of a magistrate judge unless the court "on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

## DISCUSSION

Farmers contends that the magistrate judge did not have jurisdiction to issue the June 20, 2002 Order because Farmers' Rule 11 motion was a dispositive motion. Magistrate judges can hear and determine any pretrial matter pending before the court, with the exception of eight expressly delineated matters considered by Congress to be "dispositive" of a party's claim or defense.[1] 28 U.S.C. § 636(b)(1)(A); *see United States v. Raddatz*, 447 U.S. 667, 673, 100 S.Ct. 2406, 2411 (1980). The Tenth Circuit has recognized that motions other than those explicitly listed in 28 U.S.C. § 636(A) are dispositive and has limited magistrate authority to decide such motions. *See, e.g., Ocelot Oil Corp. v. Sparrow Ind.,* 847 F.2d 1458 (10th Cir. 1988) (holding that magistrate judge did not have power to issue an order striking plaintiff's pleadings as a discovery sanction because the order constituted an involuntary dismissal of an action within the

---

[1] Magistrate judges do not have authority under 28 U.S.C. § 636(b)(1)(A) to determine a motion requesting: (1) injunctive relief; (2) judgment on the pleadings; (3) summary judgment; (4) dismissal or quashing of an indictment or information; (5) suppression of evidence in a criminal case; (6) dismissal or permission to maintain a class action; (7) dismissal for failure to state a claim upon which relief may be granted; and (8) involuntary dismissal of an action. 28 U.S.C. § 636(b)(1)(A).

meaning of § 636(b)(1)(A)).

Even assuming the Rule 11 motion was a dispositive motion outside the jurisdiction of the magistrate judge, all the magistrate judge did was reverse a previous decision to allow Farmers to file a motion outside the deadline for pretrial motions.[2]  The magistrate judge did not rule on the merits of the Rule 11 motion.  While magistrate judges may not enter orders on the merits of dispositive motions, magistrate judges routinely and properly determine numerous procedural matters related to dispositive motions.

Motions for extension of time are pre-trial, nondispositive matters.[3]  Thus, it is within the magistrate judge's jurisdiction to grant or deny motions for enlargement of time to file pretrial motions, including making the requisite determination of whether a party has shown good cause for a modification of pretrial deadlines.  *See, e.g.*, D.N.M.LR-Civ. 16.  The magistrate judge found that Farmers had presented no good cause for its failure to timely file the motion. *See* June 20, 2002 Order ("The dilemma in which Defendant found itself was entirely of its own making.").  However, assuming Farmers was acting in good faith, the magistrate judge granted Farmers an extension of time to file the motion.  *Id.*  Two days later, after holding a settlement conference in the case, the magistrate judge determined that Farmers was not acting in good faith and vacated his June 17, 2002 Order granting Farmers leave to file the motion outside the deadline for pretrial motions.  As a result of that reversal, Farmers' Rule 11 motion and supporting documents, which had already been filed pursuant to the June 17, 2002 Order, were

---

[2]  The Court does not reach the issue of whether Farmers' Rule 11 motion is a pretrial motion subject to the pretrial motion deadline because that issue is not raised by Farmers in its objections.

[3]  D.N.M.LR-Civ. 73.1(a) provides that a "discovery Magistrate Judge will also be assigned to hear and decide all non-dispositive pretrial and discovery matters in accordance with Fed. R. Civ. P. 72(a).

stricken as untimely.[4]  Farmers has not identified, and the Court has not found, any case law or rule that precludes a magistrate judge from reversing his previous ruling on a matter within his jurisdiction.

The Court finds that the magistrate judge's reversal of his previous decision granting an extension of time is not clearly erroneous or contrary to law.  Because the magistrate judge had authority to deny the extension for failure to demonstrate good cause, the Court will not reach the issues of whether the motion was filed in bad faith and whether denial of the extension was warranted as a remedial measure for misconduct in the settlement conference.[5]

**IT IS THEREFORE ORDERED** that Defendant's Objections to Magistrate Judge's Order of 6/20/02, filed July 1, 2002, **[Doc. No. 134]** are hereby **OVERRULED.**

Dated this 26th day of January, 2004.

_____
MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE

---

[4] The substantive issues raised in the Rule 11 motion were also raised in Farmers' motion for summary judgment.  Consequently, the only matter contained in the Rule 11 motion that will not be considered by this Court as a result of Farmers failure to meet the pretrial motion filing deadline is whether Plaintiffs' counsel violated Rule 11.

[5] The Court notes that review of a sanction imposed for misconduct during a settlement conference would be difficult, if not impossible, due to the confidentiality requirements of Tenth Circuit Rule 33.1(D) and D.N.M.LR-Civ. 16.2(e).

<u>Attorneys for Plaintiffs</u>:
    Maureen A. Sanders, Esq.
    F. Michael Hart, Esq.
    Philip B. Davis, Esq.

<u>Attorneys for Defendant</u>:
    William C. Madison, Esq.
    Shannon A. Parden, Esq.