IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO MAY 26  AM 9: 48

BRIAN BRANCH, as Guardian Ad Litem for
CYNTHIA N., CHARLES N., AND CHRISTINA N.,
minor hcildren, and KEVIN MARTINEZ, as Guardian
Ad Litem for JAMES R., DIANA R. and MICHAEL R.,

CLERK-SANTA FE

    Plaintiffs,

vs.                                                                                    No. CIV 01-922 MV/RHS

FARMERS INSURANCE COMPANY OF ARIZONA,

    Defendant.

## REPORT AND RECOMMENDATION

This matter came before the Court on May 5, 2004 at 9:00 a.m. for the purpose of a fairness

hearing.  On that date, a hearing was held regarding the proposed settlement and disposition of the

settlement proceeds.  The Court read and considered the Joint Report of the Guardians Ad Litem (a

copy of which is attached hereto and incorporated by reference) and also heard the position and

recommendations of counsel of record.  I have also attached hereto and incorporated by reference the

conference attendance sheet indicating who appeared at the fairness hearing.

This case arises from the alleged breach of a homeowners policy issued by Defendant

Farmers to Marilyn and Gene Anderson whose home was licensed as a family foster home.  Two

groups of children, through their Guardians Ad Litem, sued the Andersons and other defendants,

alleging that they were abused while in the Anderson home.  Farmers initially provided a defense to

the Andersons in one case under a reservation of rights, but subsequently determined that the policy



excluded coverage for the claims.  According to Farmers, the other case was never tendered to Farmers for a defense.

In July, 1998, the parties reached an agreement in principle to resolve all claims against the Andersons.  As a part of this settlement, the Andersons assigned their purported claims against Farmers to the two groups of children who brought this action alleging that Farmers failed to defend and indemnify the Andersons.  At the conclusion of the case against CYFD, separate special needs trusts were established for each child.  The instant settlement proposes to divide the proceeds from Farmers equally between the children and distribute that money to each child's trust.

At the conclusion of the hearing, the undersigned respectfully concludes that the Guardians Ad Litem have balanced the children's interests in recovery against the risk that might be inherent if the matter were to go to trial.  I believe that the proposed settlement is fair, reasonable, within the range of probable jury verdicts and in the best interests of each respective child.  The parties presented to me a Joint Motion to Dismiss and I have entered the agreed and Stipulated Order of Dismissal.

I would like to take this opportunity to again formally thank Mr. Martinez and Mr. Hart for their work as Guardians Ad Litem.  To my knowledge, they are not being compensated for their work and have spent countless hours considering the best interests of their respective charge.  They have served as the eyes and the ears of the Court and reported to me diligently and thoroughly and I respect and appreciate their work very much.

Robert H. Scott
_____
UNITED STATES MAGISTRATE JUDGE

2